JS-6

1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                                    CENTRAL DISTRICT OF CALIFORNIA

10   MACEO JONES,                                  Case Nos. **5:21-01942 GW (ADS)**;
                                                   5:21-02056 GW (ADS)
11                              Petitioner,

12                    v.

13   CASINO,[1]                                    ORDER SUMMARILY DISMISSING
                                                   PETITIONS FOR WRIT OF HABEAS
                                                   CORPUS
14                              Respondent.

15

16   **I.       INTRODUCTION**

17        Before the Court are two Petitions for Writ of Habeas Corpus by a Person in

18   Federal Custody pursuant to 28 U.S.C. § 2241 (collectively, "Petitions") filed by

19   Petitioner Maceo Jones ("Petitioner").  In November 2021, Petitioner filed two Petitions

20   alleging different claims.  See Case No. 5:21-01942 GW (ADS) ("First Petition"); Case

21   No. 5:21-02056 GW (ADS) ("Second Petition").  After screening the First Petition, the

22   Court issued an Order Regarding Screening of Petition ("OSP") because Grounds One to

23

24   _____
     [1] In 5:21-02056 GW (ADS), the Petition misspells the name of Warden Casino as "Casoin."

1  Three appear to be moot due to Petitioner's release from prison and Ground Four fails

2  to state a cognizable claim for habeas relief.  (Case No. 5:21-01942 GW (ADS), Dkt. No.

3  7.)  After screening the Second Petition, the Court issued an OSP because the claims do

4  not appear to be cognizable for habeas relief.  (Case No. 5:21-02056 GW (ADS), Dkt. No.

5  5.)  Petitioner did not file a response to the OSPs by the respective deadlines.  The Court

6  received returned mail for the OSPs in each case.  As a result, the Court issued an Order

7  to Show Cause Regarding Failure to Update Address ("OSC") in each case.  The OSC for

8  the First Petition ordered Petitioner to show cause by May 5, 2022 why this action

9  should not be dismissed for failure to prosecute.  (Case No. 5:21-01942 GW (ADS), Dkt.

10  No. 9.)  Similarly, the OSC for the Second Petition ordered Petitioner to show cause by

11  May 2, 2022.  (Case No. 5:21-02056 GW (ADS), Dkt. No. 7.)  Again, the Court received

12  returned mail for the OSCs in each case.  As of the date of this Order, Petitioner has not

13  filed a response to the OSCs or OSPs.

14  **II.      FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS**

15           Petitioner has failed to prosecute these habeas petitions and comply with court

16  orders.  Petitioner did not respond to multiple court orders.  The OSPs and OSCs

17  expressly cautioned Petitioner that failure to respond would result in a recommendation

18  that the actions be dismissed for lack of prosecution and failure to obey court orders

19  pursuant to Federal Rule of Civil Procedure 41(b).

20           Petitioner's repeated failure to respond despite court orders to do so reflects a

21  lack of prosecution of the cases.  In Carey v. King, 856 F.2d 1439 (9th Cir. 1988), the

22  Ninth Circuit cited the following factors as relevant to the Court's determination of

23  whether to dismiss an action for failure to prosecute: "(1) the public's interest in

24  expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the

1  risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on

2  their merits; and (5) the availability of less drastic sanctions." Id. at 1440.

3       Upon consideration of the five Carey factors, the Court finds that Petitioner's

4  failure to prosecute his cases and failure to comply with the Court's orders warrant

5  dismissal.  The first two Carey factors—the public's interest in expeditiously resolving

6  this litigation and the Court's interest in managing the docket—weigh in favor of

7  dismissal.  The Court cannot hold these cases in abeyance indefinitely awaiting

8  Petitioner's response to the Court's directive.  The third factor—risk of prejudice to

9  Respondent—also weighs in favor of dismissal since a presumption of injury arises from

10  the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West,

11  Inc., 542 F.2d 522, 524 (9th Cir. 1976) (stating that the "law presumes injury from

12  unreasonable delay").  The fourth factor—the public policy favoring disposition of cases

13  on their merits—is greatly outweighed by the factors in favor of dismissal.

14       Finally, Petitioner has already been cautioned of the consequences of his failure

15  to prosecute and ordered to show cause why the actions should not be dismissed.

16  Petitioner has been afforded the opportunity to do so yet has not responded.  No

17  sanction lesser than dismissal is feasible here.  Thus, dismissal of these actions is

18  warranted under Federal Rule of Civil Procedure 41(b).

19  // // //

20  // // //

21  // // //

22  // // //

23  // // //

24  // // //

3

III.    **CONCLUSION**

IT IS THEREFORE ORDERED that these actions be summarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.


Dated:  May 10, 2022

_____
THE HONORABLE GEORGE H. WU
United States District Judge

Presented by:

_____/s/ Autumn D. Spaeth_____
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge

4